1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NIKIANO MONTOYA,

11            Plaintiff,                        No. CIV S-09-1580 KJM

12        vs.

13   D. CHILDERS,

14            Defendant.                        <u>ORDER</u>

15   _____/

16            Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

17   Plaintiff has two motions before the court: a motion for a temporary restraining order and a

18   motion for entry of default.

19            In the motion for a temporary restraining order, plaintiff alleges that the defendant

20   and other unnamed correctional officers have threatened his safety by telling other inmates that

21   "I'm a rat because I told on a correctional officer and I would tell on the inmates too."  Mot. at 2

22   (Docket No. 10).  Plaintiff submits a sworn statement from a fellow inmate who alleges that he

23   heard "two correctional officers ... telling [plaintiff] that he is a rat ..." among other verbal

24   harassments.  <u>Id.</u> at 3.

25   ///

26

1    The purpose in issuing a temporary restraining order often is to preserve the status

2    quo pending a fuller hearing.  However, when a party seeks a mandatory injunction, which "goes

3    well beyond simply maintaining the status quo," the party must show that the facts and the law

4    clearly favor his position.  <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1320 (9th

5    Cir. 1994).  The plaintiff here seeks the latter, asking for an affirmative order from the court

6    enjoining defendant, other unnamed prison officers and "all other persons acting in concert and

7    participation with them" from threatening plaintiff's safety with the rumor that he is "a rat."

8    Mot. at 1-2.  He also asks for an order that defendant and other unnamed officers be "restrained

9    from coming within 200 yards of me."  <u>Id.</u> at 2.

10    The cases contain limited discussion of the standards for issuing a temporary

11    restraining order due to the fact that very few such orders can be appealed prior to the hearing on

12    a preliminary injunction.  It is apparent however, that requests for temporary restraining orders

13    which are <u>ex parte</u> and without notice are governed by the same general standards that govern

14    the issuance of a preliminary injunction.  <u>See</u> <u>New Motor Vehicle Bd. v. Orrin W. Fox Co.</u>, 434

15    U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch. Dist. v. United States Dist.</u>

16    <u>Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century Time Ltd. v.</u>

17    <u>Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the

18    court is directed to irreparable harm and the balance of hardships because the merits of a

19    controversy are often difficult to ascertain and adjudicate on short notice.

20    The legal principles applicable to a request for injunctive relief are well

21    established.  To prevail, the moving party must show either a likelihood of success on the merits

22    and the possibility of irreparable injury, or that serious questions are raised and the balance of

23    hardships tips sharply in the movant's favor.  <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122

24    F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374,

25    1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

26    point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under

1  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

2  irreparable injury." Id.  In the absence of a significant showing of possible irreparable harm, the

3  court need not reach the issue of likelihood of success on the merits.  Id.

4         Plaintiff has not met his burden of showing that he is under a significant threat of

5  irreparable injury.  In some circumstances, a prison official may create a serious risk of

6  irreparable harm by giving other inmates reason to believe that a particular inmate is a jailhouse

7  "snitch."  See, e.g., Threatt v. Arredia, 2008 WL 4376412 at *3 (W.D.Mich.).  However, that is

8  not exactly what plaintiff has alleged here.  He alleges that correctional officers have informed

9  other prisoners that plaintiff has "told on" correctional officers and thus also would "rat" on

10  prisoners in the future, not that he has actually "told on" other prisoners.  This is an important

11  difference for purposes of assessing the threat of irreparable harm alleged on the face of the

12  motion for a temporary restraining order.  Being accused of "telling on" a correctional officer,

13  without more, does not carry the same implication of imminent danger that an accusation of

14  "ratting" on fellow prisoners would.  Indeed plaintiff does not state how other inmates have

15  reacted to this alleged rumor, nor does he state that he has actually been threatened or assaulted

16  as a result.  See Vanlandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

17         In Adams v. Tilton, 2009 WL 2915100 (E.D.Cal.), this court addressed

18  allegations that prison officials intentionally put the plaintiff at risk of harm by spreading rumors

19  that he was a child molester.  Acknowledging that labeling an inmate a molester in front of other

20  inmates "is akin to calling an inmate a 'snitch,'" the court relied on Vanlandingham to

21  distinguish between specific allegations that the prisoner had been threatened as a result of the

22  rumor and vague averments that the rumor was spread as retaliation by a prison officer but

23  without any threatening effect.  Id. at *13; see also Bagwell v. Williams, 2002 WL 975991

24  (D.Del).  In this case, plaintiff only makes the latter, vague kind of allegation.[1]

25

26         [1] It is worth noting that the court in Adams assessed the plaintiff's complaint under the
screening requirement of 28 U.S.C. § 1915A(b)(1).  That pleading standard is much more lenient

3

Furthermore, the sworn statement by a third-party inmate only evinces an atmosphere of verbal harassment by two unnamed correctional officers.  It does not corroborate a threat of irreparable harm by other inmates, nor does it implicate the named defendant in any way.  This court cannot order relief against unnamed defendants.  Because plaintiff has not made a showing that the sole named defendant is subjecting him to a significant threat of bodily harm, the motion for a temporary restraining order will be denied.

Plaintiff filed a request to enter default judgment on October 19, 2009.  The date of this request precedes the date the court ordered that service is appropriate for the defendant.  See Docket No. 15.  The court has only recently received plaintiff's submission of the summons, copies of the complaint and the forms required by the U.S. Marshal to effect service.  See Docket No. 17.  The motion for entry of default is therefore premature and will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The motion for a temporary restraining order (Docket No. 10) is denied; and

2.  The motion for entry of default (Docket No. 13) is denied.

DATED: January 6, 2010.

U.S. MAGISTRATE JUDGE

4

mont1580.tro.ord

---

than the standard plaintiff must meet in order to obtain a temporary restraining order.  See Oakland Tribune, supra.  Moreover, the plaintiffs in Vanlandingham and Adams brought an independent civil rights claim that prison officials spread the "snitch" rumor in retaliation for the exercise of his First Amendment rights.  Here, plaintiff's complaint alleges a wholly different factual scenario as the basis of a constitutional tort.  Plaintiff has not attempted to amend his complaint to include this new averment of unconstitutional retaliation.